UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1) JARED S. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-375-GKF-SH |
| | ) | |
| 1) BOARD OF COUNTY | ) | |
| COMMISSIONERS OF NOWATA | ) | |
| COUNTY, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY'S LIEN CLAIMED** |
| Defendant. | ) | |

## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** Plaintiff, Jared S. Collins, and for this his claim and cause of action against the Defendant Board of County Commissioners of Nowata County, State of Oklahoma, states as follows:

## I

Pursuant to the Court's Order of 1 February 2023 [Dkt. No. 21], Plaintiff is allowed to amend his original Complaint filed on the 26th of August, 2022 [Dkt. No. 2].

## II

This Court has jurisdiction of the parties and the subject matter of this action by virtue of 42 U.S.C. § 12101, *et seq*., as amended.  28 § U.S.C. § 1331.

## III

At all times material hereto, Plaintiff was a disabled employee of the Defendant for approximately fifteen (15) years.  As a child, Plaintiff lost his left-hand in an accident leaving Plaintiff with only his right-hand.  Plaintiff performed all manner and types of

work for the Defendant including, but not limited to, essential job functions of all jobs and duties assigned him during his tenure with the Defendant.

**IV**

Not having a left-hand for a majority of his life, Plaintiff meets the definition of having a "disability" as defined under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1).  In fact, the Defendant hired Plaintiff knowing he was without a left-hand as it was an open and obvious disability.  Due the obvious nature of his not having a left-hand, Plaintiff created the requisite record of having an impairment as required by 42 U.S.C. § 12101(2), as Defendant knew Plaintiff was without a hand at the time it hired Plaintiff.

**V**

During his employment and particularly between June 18, 2021, and September 18, 2021, and continuing through December 28, 2021, Plaintiff was subject to discrimination by a County Commissioner, who was acting under color of his authority as such.  The discrimination began by the Commissioner calling Plaintiff his "Right-Hand Man" and making other derogatory comments about the Plaintiff not having a left-hand.  Later, the County Commissioner began to call Plaintiff a "cripple" and other derogatory names.  These and such other comments pervaded the workplace and created a hostile work environment.  Plaintiff made it clear to the Commissioner and Defendant that such derogatory comments were unappreciated, unwelcomed, and offensive to Plaintiff.

## VI

The actions of the Defendant through its Commissioner were an intentional discrimination creating a negative impact upon Plaintiff and his ability to perform the essential job functions he had done for years prior to the Commissioner's onslaught of derogatory comment and disparate treatment in the workplace compared to non-disabled co-workers.

## VII

As a result of Plaintiff's complaints, Defendant retaliated against Plaintiff by further negativity, including denial of a raise that everyone else got.

## VIII

After Defendant did not remedy the hostile work environment and derogatory language about Plaintiff's disability and retaliation, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in September 2021, with a charge dated December 28, 2021.  The EEOC provided Plaintiff a Determination and Notice of Rights on 1 June 2022 and he thereafter filed his lawsuit on the 26th of August, 2022. [Dkt. No. 2].  *Please see Exhibit "A" attached hereto, Determination and Notice of Rights signed by David Davis, Acting District Director  of the U.S. Equal Employment Opportunity Commission, and Exhibit "B" attached hereto, Charge of Discrimination, which are incorporated herein by reference.*

## IX

As a result of the Defendant's violations of the Americans with Disability Act, the hostile work environment and the retaliation, Plaintiff has lost wages, endured emotional

distress, and has otherwise been damaged,  having to suffer the degrading and inhumane behavior of Defendant.

**WHEREFORE**, premises considered, Plaintiff prays for judgment against the Defendant for actual damages in a sum in excess of One Million Dollars ($1,000,000.00), attorney's fees and expenses, all costs of this action, and injunctive relief and such other relief to which he may be deemed entitled.

Respectfully submitted,

FRASIER, FRASIER & HICKMAN, LLP

By:   *s/Frank W Frasier*
Frank W Frasier, OBA #17864
1700 Southwest Boulevard
Tulsa, OK 74107-1730
(918) 584-4724
(800) 522-4049
(918) 583-5637 *fax*
frasier@tulsa.com *e-mail*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on 2ⁿᵈ day of February, 2023, a true, correct, and exact copy of the foregoing document was served *via* electronic notice by the CM/ECF filing system to all parties on their list of parties to be served in effect this date.

By:     *s/Frank W Frasier*
       Frank W Frasier