IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JARED F. COLLINS,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS
OF NOWATA COUNTY,

    Defendant.

Case No. 22-CV-375-GKF-MTS

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss of defendant Board of County Commissioners of Nowata County [Doc. 23]. Defendant moves for dismissal of plaintiff Jared F. Collins' Amended Complaint [Doc. 22] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

I. **Procedural History and Allegations of the Amended Complaint**

Mr. Collins filed his Complaint on August 26, 2022, which the County moved to dismiss. Prior to a ruling on the motion, Mr. Collins sought leave to amend his Complaint, which the court granted.

On February 2, 2023, Mr. Collins filed his Amended Complaint alleging workplace discrimination based on disability. [Doc. 22]. Mr. Collins alleges he lost his left hand in an accident as a child and has a recognized disability under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*. [Doc. 22, pp. 1-2, ¶¶ 3-4]. Despite the limitations posed by his physical condition, Mr. Collins alleges he worked for the County for approximately fifteen years and performed "essential job functions of all jobs and duties assigned him" while employed by the County. [*Id*. at ¶ 3].

Between June 18, 2021, and December 28, 2021, Mr. Collins alleges he was subjected to discrimination by an unnamed County Commissioner. [*Id*. at p. 2, ¶ 5]. This Commissioner allegedly referred to Mr. Collins as his "Right Hand Man" and made derogatory comments about Mr. Collins not having a left hand. [*Id*.]. At some later time, Mr. Collins alleges the Commissioner began to call him a "cripple" and "other derogatory names." [*Id*.]. According to Mr. Collins, these comments "pervaded the workplace and created a hostile work environment[,]" despite Mr. Collins allegedly making it clear to the Commissioner and unidentified representatives of the County these comments were "unappreciated, unwelcomed, and offensive." [*Id*.]. The discrimination allegedly experienced by Mr. Collins negatively impacted "his ability to perform the essential job functions he had done for years prior to the Commissioner's onslaught of derogatory comment [sic] and disparate treatment in the workplace compared to non-disabled co-workers." [*Id*. at p. 3, ¶ 6]. Mr. Collins alleges the County retaliated against him after he complained about the Commissioner's comments by denying him a "raise that everyone else got." [*Id*. at ¶ 7].

**II.    Analysis**

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). When determining whether a complaint states a plausible claim for relief, a "reviewing court may draw on its judicial experience and common sense." *Id*. at 679. "Factual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555. The court accepts as true all factual allegations, but that tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678.

The County argues Mr. Collins has failed to allege sufficient facts to state plausible claims for disability discrimination, hostile work environment, and retaliation. The court will address each claim separately.

### A. Disability Discrimination under the ADA

The ADA prohibits employers from discriminating against a "qualified individual with a disability" because of such disability. 42 U.S.C. § 12112(a). A "qualified individual" includes those who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To establish a prima facie case of disability discrimination under the ADA, Mr. Collins must demonstrate (1) that he is 'disabled' within the meaning of the ADA, (2) that he is qualified for the job held or desired, and (3) that the defendant discriminated against him because of his disability. *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 748 (10th Cir. 1999); *See also Dennis v. Fitzsimons*, 850 Fed.Appx. 598, 601 (10th Cir. 2021).

The County argues Mr. Collins' allegations fail to satisfy *Butler's* first two prongs to establish a prima facie case of disability discrimination. For the first prong, the County asserts Mr. Collins has not alleged he is disabled under the ADA because the Amended Complaint does not identify how his absent left hand "substantially limits one or more major life activity." [Doc. 23, p. 3]. As to *Butler's* second prong, the County argues Mr. Collins fails to allege he was qualified for his position and could perform his essential job functions with or without a reasonable accommodation. [*Id*., p. 4]. As a result, the County contends Mr. Collins' allegation that he has

a disability as defined by ADA (Doc. 22, p. 3, ¶ 3) is nothing more than a conclusory statement without factual support.

The ADA defines disability as a "physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(1)(A). This definition is to be broadly construed. 42 U.S.C. § 12102(4)(A). Regulations promulgated by the Equal Opportunity Employment Commission (EEOC) to implement the ADA describe physical impairment as "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems…" 29 C.F.R. § 1630.2(h)(1). *See also Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 899 (10th Cir. 1997). Major life activities include caring for oneself, performing manual tasks, reaching, lifting, and working. 29 C.F.R. § 1630.2(i)(1)(i). Similar to the ADA's explicit statutory directive, the EEOC broadly interprets whether an impairment substantially limits a major life activity. 29 C.F.R. § 1630.2(j)(1)(i).

In the Amended Complaint, Mr. Collins clearly alleges he lost his left hand in an accident as a child. [Doc. 22, p. 1, ¶ 3]. The absence of Mr. Collins' left hand reasonably constitutes an "anatomical loss" affecting a body system as required by 29 C.F.R. § 1630.2(h)(1) to be considered a "physical impairment." *Iqbal* permits this court to use its common sense and draw the reasonable inference from Mr. Collins' allegation that this physical impairment substantially limits a major life activity to be considered a disability under the ADA. Logically, the loss of a limb creates a challenge for major life activities such as lifting items, dressing, feeding, or otherwise caring for oneself. The Amended Complaint therefore plausibly alleges that Mr. Collins is disabled as defined under the ADA.

The County's argument that Mr. Collins fails to allege specific facts regarding whether he was qualified for his employment position or working under an accommodation is similarly

unavailing. Mr. Collins alleged he was a long-time employee of the County and was able to perform his essential job functions throughout this employment. [Doc. 22, pp. 1-2, ¶ 3]. A reasonable inference may be drawn that, since Mr. Collins was hired by the County with knowledge of his physical impairment and remained employed for fifteen years, he was qualified and able to perform his job functions. Mr. Collins has therefore pled sufficient facts to allege he was qualified for his employment with the County. The County's motion to dismiss Mr. Collins' claim for disability discrimination is denied.

### B. Hostile Work Environment

To prevail on a hostile work environment claim, Mr. Collins must show that his workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Williams v. FedEx Corporate Servs.*, 849 F.3d 889, 897 (10th Cir. 2017) (quotations omitted). When "examining whether a plaintiff has made the requisite showing, '[courts] look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id*. (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). "General harassment alone is not actionable." *Id*. Ordinary tribulations of the workplace, such as offhand comments and occasional teasing, do not rise to the level of severe or pervasive conduct which alters a plaintiff's employment conditions to constitute a hostile work environment. *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005) (abrogated on other grounds by *Lincoln v. BNSF Railway Company*, 900 F.3d 1166 (10th Cir. 2018)).

With respect to his hostile work environment claim, Mr. Collins alleges he was subjected to disability discrimination between June 18, 2021, and December 28, 2021, with a particular focus on the three-month period between June and September. [Doc. 22, p. 2, ¶ 5]. This began with the Commissioner referring to Mr. Collins as his "Right-Hand Man" and making "other derogatory comments about [Mr. Collins] not having a left hand." [*Id.*]. Mr. Collins alleges the same Commissioner also "began to call [him] a 'cripple' and other derogatory names." [*Id.*]. Mr. Collins describes that he was subjected to an "onslaught of derogatory comment [sic] and disparate treatment in the workplace compared to non-disabled co-workers." [*Id.*, p. 3, ¶ 6].

The comments allegedly directed at Mr. Collins were not physically threatening or violent and cannot objectively be considered "severe." *See Morris v. City of Colorado Springs*, 666 F.3d 654, 666-68 (10th Cir. 2012) (discussing cases where isolated incidents of physical or sexual threats and violence rose to the level of "severe" conduct which altered a plaintiff's conditions of employment). Thus, Mr. Collins must plausibly establish the alleged disability-related comments were sufficiently pervasive to alter the conditions of his employment.

To demonstrate a pervasively hostile environment, Mr. Collins is not required to plead a specific number of instances of harassing conduct. *See Mitchem v. Sleepcair, Inc.*, 2021 WL 4439406, *7 (D.Kan. Sept. 28, 2021) (plaintiff is not required to "quantify exactly the number of times her supervisors touched her inappropriately" to assert a plausible claim for hostile work environment under Title VII). However, a plaintiff cannot demonstrate a pervasively hostile work environment by identifying a few isolated incidents of enmity or sporadic slurs made during his employment. *Herrera v. Lufkin Industries, Inc.*, 474 F.3d 675, 680 (10th Cir. 2007). To this end, facts supporting the frequency and content of the alleged statements are generally helpful in analyzing whether the conduct was sufficiently pervasive to alter his employment conditions. *See*

*Garcia v. Denver Health Medical Center*, 2023 WL 22186, *4 (D.Colo. Jan. 3, 2023) ("Considering the…frequency of the above instances of harassment, the Court finds that Plaintiff sufficiently pleaded a claim for hostile work environment…"). *See also Morris v. City of Colorado Springs*, 666 F.3d at 666 (frequency and social context of discriminatory conduct are relevant considerations when analyzing whether a workplace is objectively hostile).

Here, Mr. Collins' limited allegations fail to identify with any specificity how often he was referred to as a "cripple," "Right-Hand Man," and other derogatory names by the Commissioner. Mr. Collins also fails to identify the context in which these allegedly discriminatory comments were made during the six months between June and December of 2021. Mr. Collins' Amended Complaint includes only two sentences discussing the conduct forming the basis for his hostile work environment claim. Such limited factual support for this claim undercuts the alleged pervasive nature of the conduct directed toward him. As pled, the specific references to "cripple" and "Right-Hand Man" in the Amended Complaint can be considered little more than isolated incidents of disability-related slurs and are insufficient to state a claim for hostile work environment. Mr. Collins' additional allegations regarding the "other derogatory names" he was called and "other derogatory comments" made by the Commissioner are too vague and ambiguous to nudge his hostile work environment claim across the line from possible to plausible. Without more, the Amended Complaint fails to allege facts to support a plausible inference of pervasive harassment that altered the terms of Mr. Collins' employment. Therefore, the motion to dismiss Mr. Collins' hostile work environment claim is granted pursuant to Rule 12(b)(6).

### C. Retaliation

The ADA prohibits discrimination against any person for opposing "any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a).  To state a prima facie case for retaliation, a plaintiff must show "that (1) he engaged in a protected activity; (2) he was subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action." *Foster v. Mountain Coal Company, LLC*, 830 F.3d 1178, 1186-87 (10th Cir. 2016) (internal quotations omitted).  While a plaintiff need not establish a prima facie case of retaliation to survive a motion to dismiss, the elements of the alleged cause of action are helpful in determining whether a plausible claim was set forth. *Davis v. BAE Systems Technology Solutions & Services Inc.*, 764 Fed.Appx. 741, 744 (10th Cir. 2019).

Mr. Collins alleges that, as a result of his complaints about the County Commissioner's derogatory comments, "Defendant retaliated against Plaintiff by further negativity, including a denial of a raise that everyone else got." [*Id*., p. 3, ¶ 7].  The Charge of Discrimination Mr. Collins submitted to the Oklahoma Attorney General's Office and attached as an exhibit to the Amended Complaint states he was denied a raise his "whole department" received in November 2021. [Doc. 22-2].

Mr. Collins' allegations establish the minimum elements necessary to sustain a plausible prima facie claim for retaliation.  Mr. Collins has alleged he engaged in a protected activity by complaining about the disability-related comments to the offending County Commissioner and the Board of County Commissioners.  *See Medina v. Income Support Div., New Mexico*, 413 F.3d 1131, 1135-36 (10th Cir. 2005) (Protected activities "can range from filing formal charges to complaining informally to supervisors.").  Mr. Collins has also alleged he experienced a materially adverse employment action through the denial of the raise provided to all others in his department.

8

*See Robinson v. Rhodes Furniture, Inc.*, 92 F.Supp.2d 1162, 1169 (D.Kan. 2000) ("Defendant's denial of an annual pay raise and its refusal to allow plaintiff the opportunity to earn overtime pay when other similarly-situated employees were given such an opportunity constitute adverse employment actions."). While Mr. Collins does not specifically allege when he complained about the discriminatory statements, his allegation that he was denied a raise "as a result of" his complaints indicates they were made prior to the raise given to everyone else in November 2021. This is further bolstered by Mr. Collins' allegation that he was subjected to discrimination "particularly between June 18, 2021, and September 18, 2021." [*See* Doc. 22, p. 2, ¶ 5]. Taking these allegations as true, one may reasonably infer the complaints were made prior to November 2021. Insofar as Mr. Collins allegedly engaged in a protected activity in the months preceding the retaliatory raise denial, the Amended Complaint sufficiently alleges a temporal and causal connection necessary to state a plausible retaliation claim. *See Davis v. BAE Systems Technology Solutions & Services Inc.*, 764 Fed.Appx. 741, 744 (10th Cir. 2019) (recognizing that a "causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.") (internal quotations omitted).[1] Therefore, the County's motion to dismiss the Amended Complaint's retaliation claim is denied.

### III. Leave to Amend

In his response to the motion to dismiss, Mr. Collins requests he be granted leave to amend if the court finds a defect in the Complaint. [Doc. 25, p. 8]. Mr. Collins' request to file a second

---

[1] While the phrase "demonstrated by evidence" refers to the summary judgment standard, the Tenth Circuit's analysis in *Davis* focused on whether the plaintiff had pled sufficient facts to avoid dismissal of a retaliation claim on a Rule 12(b)(6) motion.

amended hostile work environment claim is denied, as he previously received an opportunity to file his Amended Complaint.

### IV. Conclusion

WHEREFORE, the Motion to Dismiss Plaintiff's Amended Complaint [Doc. 23] is granted in part and denied in part.

The motion to dismiss the disability discrimination claim is denied.

The motion to dismiss the hostile work environment claim is granted.

The motion to dismiss the retaliation claim is denied.

IT IS SO ORDERED this 6th day of June, 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE